UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHRISTOPHER KOHLS and, MARY FRANSON<br><br>Plaintiffs,<br><br>vs.<br><br>KEITH ELLISON, in his official capacity as Attorney General of Minnesota, and CHAD LARSON, in his official capacity as County Attorney of Douglas County,<br><br>Defendants. | Case No. 24-cv-03754 (LMP/DLM)<br><br>**DEFENDANT KEITH ELLISON'S MEMORANDUM SUPPORTING MOTION FOR LEAVE TO FILE AMENDED EXPERT DECLARATION** |

## INTRODUCTION

Defendant Minnesota Attorney General Keith Ellison seeks leave to file an amended expert declaration from Professor Jeffrey Hancock. On November 1, 2024, the Attorney General filed Professor Hancock's declaration in support of his opposition to Plaintiffs' motion to enjoin Minnesota's electoral deepfake law, Minn. Stat. § 609.771 (2024). On November 16, Plaintiffs sought to exclude Professor Hancock's declaration under Fed. R. Evid. 702. In doing so, they alleged that Paragraph 21 of Professor Hancock's declaration cited to a non-existent journal article that was likely hallucinated by artificial intelligence (AI).

Professor Hancock has since confirmed that Paragraph 21 of his declaration cites to a non-existent article by "Hwang et al." Professor Hancock has also informed the Attorney General's office that Paragraph 19 of his declaration cites to a non-existent article by

De keermaecker & Roets. Finally, Professor Hancock identified a third citation error: Exhibit C to his declaration cites to a 2023 article by "Goldstein, J., Nikkhah, M., Pulmo, J., Shapiro, J. & Wint, K." The article exists and the lead author of the article is correctly identified. But the citation lists the wrong co-authors.

Until Plaintiffs' exclusion motion, the Attorney General's office was unaware of the possibility that Professor Hancock's declaration cited non-existent articles. The Attorney General's office did not insert the erroneous citations into Professor Hancock's declaration or the supporting references document.

The Attorney General now seeks leave to file an amended expert declaration from Professor Hancock that corrects the record and the citation errors.

## BACKGROUND

1. On September 27, 2024, Plaintiffs Christopher Kohls and Mary Franson brought an action challenging Minnesota's electoral deepfake law. Minn. Stat. § 609.771. ECF No. 1. Kohls and Franson claim that the law violates the First and Fourteenth Amendment, and they seek declaratory and injunctive relief. *Id.*

2. On October 11, Plaintiffs moved for a preliminary injunction and requested expedited handling. ECF No. 10. The Court denied expedited handling. ECF No. 14.

3. On November 1, the Attorney General filed his opposition to Plaintiffs' preliminary injunction motion. ECF No. 19. To oppose the injunction, the Attorney General retained two experts, Professor Jeff Hancock and Professor Jevin West. Professor Hancock is an expert in artificial intelligence (AI), social media, and psychology.

Professor West is an expert in misinformation. The Attorney General filed expert declarations from both professors in support of his opposition to Plaintiffs' request for injunctive relief. ECF Nos. 23, 24.

4. On November 16, Plaintiffs moved to exclude Professor Hancock's declaration in its entirety (and one paragraph of Professor West's declaration) under Fed. R. Evid. 702. ECF No. 29. In doing so, Plaintiffs alleged that Paragraph 21 of Professor Hancock's declaration cited to a journal article that did not exist. ECF No. 30 at 1, 4-9. Plaintiffs alleged that the citation was likely hallucinated by AI. *Id.*

5. The Attorney General's office first learned of the possibility that Professor Hancock's declaration included an AI-hallucinated citation after Plaintiffs filed their motion to exclude. Declaration of Peter J. Farrell dated Nov. 27, 2024 ("Farrell Decl.") ¶¶ 4-8. The Attorney General's office relied on Professor Hancock to draft the substance of the expert declaration and to identify the academic and other literature that supported his declaration. *Id.* The Attorney General's Office did not add the AI-hallucinated citations to Professor Hancock's declaration (or the supporting references document). *Id.*

6. Upon reviewing Plaintiffs' motion, the Attorney General's office promptly contacted Professor Hancock about the allegation. *Id.* Professor Hancock subsequently confirmed to the Attorney General's office that Paragraph 21 of his declaration cited to a non-existent 2023 article by Hwang et al. Declaration of Jeffrey Hancock dated Nov. 27, 2024 ("Hancock Decl.") ¶¶ 1-2. After re-reviewing the declaration,

3

Professor Hancock also informed the Attorney General's office that Paragraph 19 also cited to a non-existent 2023 journal article by De keersmaecker & Roets. *Id.* Finally, Professor Hancock identified a third citation error in Exhibit C to his declaration: the citation to Goldstein et al. cites a real article and the correct lead author but identifies the wrong co-authors. *Id.*

7. Professor Hancock's explanation for the errors is included with this motion. Hancock Decl. ¶¶ 7-14. Professor Hancock believes that the AI-hallucinated citations likely occurred when he was using ChatGPT-4o to assist with the drafting of the declaration. *Id.* Professor Hancock stands behind all the substantive points of the declaration, and the correct citations that support the substantive propositions in Paragraph 19 and Paragraph 21 were included in the original declaration. *Id.* ¶ 1, 15-20. Further, Professor Hancock did not intend to mislead the Court or counsel by including the AI-hallucinated citations in his declaration. *Id.* ¶ 3.

## ARGUMENT

Because the Attorney General's response to Plaintiffs' preliminary injunction motion was due on November 1, 2024, this request for leave to file an amended expert declaration is akin to a motion to accept an untimely filing under Rule 6(b). *See BMF Tex. GP Holdings, LLC v. Midland 256 Rampart, LP*, No. MO:17-CV-00188, 2018 WL 11323107, at *1 (W.D. Tex. Oct. 18, 2018). Under Rule 6(b), "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b).

4

"Excusable neglect is an elastic concept" that allows courts to consider "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010). The excusable-neglect standard "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omissions." *Id.* Relevant factors can include (1) the possibility of prejudice to the non-moving party; (2) the length of the moving party's delay and the possible impact of that delay on judicial proceedings; (3) the reasons for delay, including whether the delay was within the moving party's reasonable control; and (4) whether the moving party acted in good faith.

The relevant circumstances here support allowing the Attorney General to file the amended declaration. First, Plaintiffs will not suffer prejudice from the amended declaration because the substance of the declaration will not change. *See Chorosevic*, 600 F.3d at 946-47 (affirming district court's conclusion that defendants' failure to file an answer would not cause prejudice because they had prior notice of affirmative defenses); *see also Frontczak v. City of Detroit*, No. 18-13781 2021 WL 1526279, at*2-3 (E.D. Mich. April 19, 2021) (allowing defendant to file corrected declarations with inadequate signatures because the substance of the declarations would not change). Although the citation errors in Professor Hancock's declaration are significant, the substantive points in Paragraphs 19 and 21 remain the same. Those same substantive points are all supported by other academic literature that was cited in the original declaration. And those same substantive points are reinforced by other academic literature that Professor Hancock has

5

identified. Because the substance of Paragraphs 19 and 21 is the same, Plaintiffs will not be prejudiced if the Court allows the Attorney General to file an amended declaration with the correct citations.

Second, Plaintiffs will not be prejudiced because the Court has yet to consider the preliminary injunction motion or the motion to exclude. *See Frontczak*, 2021 WL at *3 (noting that defendants sought to correct declarations "before the court considered the issue of summary judgment"). The preliminary injunction motion is currently scheduled to be heard on December 17; briefing on the motion to exclude will be complete on December 23.[1] The Court can take the now-acknowledged expert errors into account when it resolves those motions.[2] And Plaintiffs remain free to argue that the errors in Professor Hancock's declaration are so serious that they warrant excluding the entire declaration or assigning it no weight when the Court resolves the motions. *See Lamoureaux v. AnazaoHealth*, No. 3:03-cv-01382, 2010 WL 3801611, at *2 (emphasizing that allowing plaintiffs to file corrected declarations was "not a ruling on the merits of [defendant's] motion to strike").

---

[1] The Attorney General intends to meet-and-confer with the Plaintiffs about obtaining a hearing date that will allow all pending motions to be fully briefed and heard on the same day.

[2] Moreover, expert mistakes—even serious ones—do not automatically render an expert's opinion inadmissible. *See, e.g.*, *Hays v. Blackpowder Prods., Inc.*, 2020 WL 425646 (E.D. Ark. Jan. 27, 2020) (refusing to exclude expert under *Daubert* even though expert made "a critical factual mistake"). Expert errors typically go to the weight or credibility of the expert testimony—not admissibility. *Id.* That is particularly true where, as here, the Court will be the factfinder. *See Watson, P.C. v. United States*, 668 F.3d 1008, 1015 (8th Cir. 2012).

Third, with respect to delay, the Attorney General's office did not know that the declaration contained AI-hallucinated citations, and the Attorney General's office acted as promptly as possible to address the issue when it learned about them. *See Anderson v. United States*, No. 21-CV-02088, 2024 WL 4867026, at *5 (D. Minn. Nov. 22, 2024) (plaintiffs acted in good faith to address expert's failure to disclose disciplinary action). The Attorney General's office first learned about the possibility that Professor Hancock's declaration cited to a non-existent article when Plaintiffs moved to exclude. The Attorney General's office contacted Professor Hancock that same day, and it has worked diligently to understand the errors and to ensure that Professor Hancock provided an explanation to the Court and counsel. The Attorney General is filing the amended declaration and Professor Hancock's explanation 11 days later. And the Attorney General is filing the amended declaration and Professor Hancock's explanation before the Court considers the merits of Plaintiffs' motions for injunctive relief and exclusion. In these circumstances, the delay in filing the amended expert declaration is reasonable, and it will have a minimal overall impact on the proceedings because this case is only in the preliminary stages.

Finally, counsel for the Attorney General has acted in good faith. The Attorney General's office relied on Professor Hancock to prepare the substance of his declaration and to identify the academic and other literature that supported his expert analysis. The Attorney General did not in any way intend to mislead the Court or counsel by filing Professor Hancock's declaration, and the Office has a duty to correct the record now that it knows about the errors. The Court should thus allow the Attorney General leave to file

7

an amended expert declaration, so it can consider Professor Hancock's amended declaration and his explanation for the errors when it resolves the motions.

## CONCLUSION

For these reasons, the Attorney General respectfully requests that the Court grant the motion for leave to file Professor Hancock's amended expert declaration.

Dated: November 27, 2024

Respectfully submitted,

KEITH ELLISON
State of Minnesota
Attorney General

/s/ **Pete Farrell**
LIZ KRAMER (#0325089)
Solicitor General
PETER J. FARRELL (#0393071)
Deputy Solicitor General
ANGELA BEHRENS (#0351076)
ALLEN COOK BARR (#0399094)
Assistant Attorneys General

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 757-1010 (Voice)
(651) 282-5832 (Fax)
liz.kramer@ag.state.mn.us
peter.farrell@ag.state.mn.us
angela.behrens@ag.state.mn.us
allen.barr@ag.state.mn.us

ATTORNEYS FOR KEITH ELLISON

|#5948365-v1

8