UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHRISTOPHER KOHLS and MARY FRANSON, | Court File No. 24-cv-03754 LMP/DLM) |
| Plaintiffs, | |
| vs. | DECLARATION OF PETER J. FARRELL IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED EXPERT DECLARATION |
| KEITH ELLISON, in his official capacity as Attorney General of Minnesota, and CHAD LARSON, in his official capacity as County Attorney of Douglas County. | |
| Defendants. | |

I, Peter J. Farrell, declare as follows:

1. I am the Deputy Solicitor General at the Office of the Minnesota Attorney General, and I am the lead attorney for Defendant Keith Ellison, in his official capacity as Minnesota Attorney General, in this case. This declaration is submitted in support of the Attorney General's motion for leave to file an amended expert declaration from Professor Jeffrey Hancock. I make this declaration in good faith based on my personal knowledge of the facts set forth in this declaration.

2. On October 11, 2024, Plaintiffs moved to enjoin the enforcement of Minnesota Statutes section 609.771 (2024) (the "deepfake law").

3. On or around October 18, 2024, the Attorney General's Office retained Jeffrey Hancock, a Professor at Stanford University, to serve as an expert witness in the defense of the deepfake law. Professor Hancock is as an expert on artificial intelligence (AI), psychology, and social media. Professor Hancock drafted an expert declaration on

the topics of AI and deepfakes, the psychological impacts of deepfakes, and the limits of corrections and fact-checking in the context of deepfakes. This declaration was filed with the Court on November 1, 2024.

4. I did not know that Professor Hancock's declaration included AI-hallucinated citations when it was filed on November 1, 2024, or at any time before it was filed. None of the other members of the Attorney General's litigation team knew that Professor Hancock's declaration included AI-hallucinated citations when it was filed on November 1, 2024, or at any time before it was filed. As discussed more fully below, the Attorney General's Office first learned of the possibility that Professor Hancock's declaration included AI-hallucinated citations after Plaintiffs filed their memorandum in support of their motion to exclude on November 16, 2024.

5. The Attorney General's Office relied on Professor Hancock to draft the substance of the expert declaration and to identify the academic literature and other sources that supported his expert declaration. The Attorney General's Office did not add the AI-hallucinated citations to Professor Hancock's declaration (or the supporting references document).

6. I did not intend to mislead the Court in any way by filing Professor Hancock's expert declaration as support for the Attorney General's opposition to Plaintiffs' motion for a preliminary injunction, nor did anyone working with me or under my supervision.

7. On November 15, 2024, counsel for Plaintiffs informed me that they intended to file a motion under Fed. R. Evid. 702 to exclude the declarations of Professor Jeffrey

2

Hancock and Professor Jevin West. Other than generally mentioning *Daubert* and Fed. R. Evid. 702, counsel did not identify the basis for the motion. Counsel did not inform me that Professor Hancock's declaration cited to an article that did not appear to exist. A true and correct copy of my email correspondence with counsel for Plaintiffs is attached as **Exhibit A**. I stated that the Attorney General would oppose the motion to exclude.

8.      Shortly after midnight on November 16, 2024, Plaintiffs filed their memorandum in support of their motion to exclude the expert declaration of Professor Hancock (and portions of the expert declaration of Jevin West). ECF Nos. 29-33. Upon reviewing the memorandum, the Attorney General's Office learned for the first time that Professor Hancock's declaration appeared to cite to an article that did not exist. I promptly reached out to Professor Hancock that same day to investigate the allegation and to determine what happened.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT EVERYTHING I HAVE STATED IN THIS DOCUMENT IS TRUE AND CORRECT.

Dated: 11/27/24

PETER J. FARRELL

3