IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| CHRISTPHER KOHLS and, MARY FRANSON, | Case No. 24-cv-03754 LMP/DM |
| Plaintiffs, | |
| vs. | ANSWER |
| KEITH ELLISON, in his official capacity as Attorney General of Minnesota, and CHAD LARSON, in his official capacity as County Attorney of Douglas County, | |
| Defendants. | |

Defendant Keith Ellison, in his official capacity as Attorney General of Minnesota, answers the complaint of Plaintiffs Christopher Kohls and Mary Franson, as follows:

1. Except as expressly admitted, denied, or otherwise qualified, deny each allegation in the complaint.

2. Regarding paragraph 1, Ellison admits that the Minnesota legislature enacted Minn. Stat. § 609.771 as part of House File 1370 of the 2023 Regular Session of the Minnesota legislature. As to the remainder of paragraph 1, the statute and its legislative history speak for themselves. Ellison denies that Minn. Stat. § 609.771 violates the First Amendment.

3. Regarding paragraph 2, Minn. Stat. § 609.771 speaks for itself.

4. Regarding paragraph 3, Ellison admits that Franson is a Minnesota State Representative representing House District 12B and that Franson ran for reelection in the November 2024 general election.

5. Regarding paragraph 4, Ellison denies that Franson has served in the legislature since 2010 and states that Franson has served in the legislature since January 4, 2011. Ellison lacks sufficient information to form a belief as to the remainder of paragraph 4 and therefore denies it.

6. Regarding paragraph 5, Ellison admits that Franson retweeted the posts that she identifies. Ellison denies that these posts plausibly fall within the scope of Minn. Stat. § 609.771. Ellison lacks sufficient information to form a belief as to the remainder of paragraph 5 and therefore denies it.

7. Regarding paragraph 6, Ellison admits that Franson ran for re-election in 2024. Ellison lacks sufficient information to form a belief as to the remainder of paragraph 6 and therefore denies it.

8. Regarding paragraph 7, the remedies available under Minn. Stat. § 609.771 speak for themselves. Ellison lacks sufficient information to form a belief as to the remainder of paragraph 7 and therefore denies it.

9. Regarding paragraph 8, Ellison admits that someone posting under the screenname "Mr Reagan" posted a video on social media on July 26, 2024, parodying Presidential candidate Kamala Harris, and that Elon Musk and Gavin Newsom responded to the video. Ellison lacks sufficient information to form a belief as to the remainder of paragraph 8 and therefore denies it.

10. Regarding paragraph 9, Ellison admits that Kohls has sued to challenge California's laws under the First and Fourteenth Amendments. Ellison lacks sufficient information to form a belief as to the remainder of paragraph 9 and therefore denies it.

11. Regarding paragraph 10, Ellison lacks sufficient information to form a belief as to what worries Kohls and therefore denies paragraph 10.

12. Ellison denies paragraph 11.

13. Regarding paragraph 12, Ellison admits that Plaintiffs Kohls and Franson allege that Minn. Stat. § 609.771 violates the First and Fourteenth Amendments and seek declaratory and injunctive relief in this case. Ellison denies that Minn. Stat. § 609.771 is unconstitutional and that any form of relief is appropriate.

14. Paragraphs 13-15 contain legal conclusions to which no response is required.

15. Ellison admits paragraph 16, except that he lacks sufficient information to form a belief as to what Franson regularly consumes and shares and therefore denies the last clause of paragraph 16.

16. Ellison lacks sufficient information to form a belief as to paragraph 17 and therefore denies it.

17. Ellison admits paragraphs 18-19.

18. Ellison lacks sufficient information to form a belief as to paragraph 20 and therefore denies it.

19. Ellison admits the first sentence of paragraph 21. Ellison lacks sufficient information to form a belief as to the second sentence and therefore denies it.

20. Ellison admits paragraphs 22-23.

21. Ellison lacks sufficient information to form a belief as to paragraph 24 and therefore denies it.

22. Regarding paragraph 25, Ellison admits that the paragraph accurately describes a video posted by Mr Reagan on July 26. Ellison lacks sufficient information to form a belief as to whether the video is "Kohl's" or whether it was his "first Harris-focused video" and therefore denies those allegations.

23. Ellison admits paragraphs 26-27, except insofar as he lacks sufficient information to form a belief as to whether Kohls is the natural person posting under the screen name Mr Reagan who performed the acts that that account performed.

24. Regarding paragraph 28, Ellison admits that the July 26 video is a video recording. Whether it is covered by Minn. Stat. § 609.771 is a legal conclusion to which no response is required. Ellison denies that any reasonable person would believe the July 26 video depicts real speech or conduct. Ellison lacks sufficient information to form a belief as to the remainder of paragraph 28 and therefore denies it.

25. Regarding paragraph 29, Ellison admits that the video generated millions of views, that it drew the attention of Governor Newsom, that Governor Newsom followed through on a promise to make such videos illegal in California, that Governor Newsom made the described response, and that Governor Newsom worked with the California legislature to pass AB 2655 and AB 2839. That legislature speaks for itself. Ellison lacks sufficient information to form a belief as to whether that legislation forced social media companies to do anything and therefore denies it. Ellison admits that Kohls is separately challenging those laws under the First and Fourteenth Amendments in the Eastern District of California. Ellison lacks sufficient information to form a belief as to whether Kohls is the natural person posting as Mr Reagan and therefore denies that allegation.

26. Ellison admits the first sentence of paragraph 30, except that Ellison lacks sufficient information to form a belief as to whether Kohls is the natural person posting as Mr Reagan and therefore denies that allegation. Ellison lacks sufficient information to form a belief as to the second paragraph and therefore denies it.

27. Regarding paragraph 31, Ellison admits that someone posting under the username Mr Reagan has performed the described actions. Ellison lacks sufficient information to form a belief as to whether that person is Kohls, as well as what Kohls perceives, and therefore denies the remainder of paragraph 31.

28. Regarding paragraph 32, Ellison admits that the Minnesota legislature amended Minn. Stat. § 609.771 via House File 4772 of the 2024 Regular Session of the Minnesota legislature. Those amendments speak for themselves. Ellison admits that the 2024 Democratic National Committee convention took place less than a month after July 26, 2024. Ellison lacks sufficient information to form a belief as to the remainder of paragraph 32 and therefore denies it.

29. Regarding paragraph 33, Ellison admits that Franson retweeted the described video. Whether that retweet constitutes dissemination under Minn. Stat. § 609.775, subd. 2, is a legal conclusion to which no response is required. Ellison lacks sufficient information to form a belief as to the remainder of paragraph 33 and therefore denies it.

30. Regarding paragraph 34, Ellison admits that Franson ran for and won the election for Minnesota State Representative District 12B. Ellison lacks sufficient information to form a belief as to the remainder of paragraph 34 and therefore denies it.

31. Ellison lacks sufficient information to form a belief as to paragraphs 35–36 and therefore denies them.

32. Regarding paragraph 37, Ellison admits that Franson has retweeted other political videos that sometimes include elements generated by AI or other technical means. The scope of Minn. Stat. § 609.771 speaks for itself. Ellison lacks sufficient information to form a belief as to the remainder of paragraph 37 and therefore denies it.

33. Ellison lacks sufficient information to form a belief as to paragraph 38 and therefore denies it.

34. Regarding paragraph 39, Ellison admits that Franson has accounts on X, Facebook, Instagram, and YouTube where she shares content with her followers. Ellison lacks sufficient information to form a belief as to the remainder of paragraph 39 and therefore denies it.

35. Regarding paragraph 40, Ellison admits that HF 1370 was introduced and read to the House on February 6, 2023. The content of HF 1370 speaks for itself.

36. Regarding paragraph 41, Ellison admits that HF 1370 was referred to the House Elections, Finance, and Policy Committee, that that committee referred HF 1370 to the House Judiciary, Finance, and Civil Law Committee. Ellison denies that the House Judiciary, Finance, and Civil Law Committee heard HF 1370 on February 15, 2023, and in fact did not meet that day at all. Ellison states that the bill was heard by the House Elections, Finance, and Policy Committee on February 15, 2023. Ellison admits that Representatives Altendorf and Stephenson spoke at the February 15, 2023, meeting of the House Elections, Finance, and Policy Committee, and refers the Court to the hearing for their full statements.

37.Ellison admits paragraph 42, except that he refers the Court to the hearing for the legislators' full statements.

38.Regarding paragraph 43, Ellison admits that HF 1370 was placed on the calendar and read for a third and final time on March 30, 2023. Ellison refers the Court to the hearing for the legislators' full statements. Ellison lacks sufficient information to form a belief as to what Representative Stephenson was referring to, and therefore denies that portion of paragraph 43. Ellison admits that an amendment proposed by Representative Neu Brindley was rejected by a voice vote. Ellison lacks sufficient information to form a belief as to how Franson voted on the amendment and therefore denies that she voted in favor of it.

39.Regarding paragraph 44, Ellison admits that following the failed amendment, the bill passed unanimously, including a vote by Franson, and that it then moved to the Senate. Ellison lacks sufficient information to form a belief as to why Franson voted in favor of the bill and therefore denies the remainder of paragraph 44.

40.Ellison admits paragraphs 45-46, except that he refers the Court to the hearing for the legislators' full statements.

41.Regarding paragraph 47, Ellison admits that the Senate Judiciary and Public Safety Committee heard SF 1394 on March 24, 2023. Ellison admits that Senator Maye Quade asked for, and the committee adopted, an amendment to the bill. That amendment speaks for itself. Ellison admits that Senator Maye Quade made the statements attributed to her, and he refers the Court to the hearing for her full statements. Ellison admits that SF 1394 passed the committee unanimously and would have been sent to the Senate floor.

7

Ellison lacks sufficient information to form a belief as to the remainder of paragraph 47 and therefore denies it.

42. Ellison admits paragraphs 48-50.

43. Regarding paragraph 51, Ellison admits the paragraph, except that he lacks sufficient knowledge to form a belief as to Representative Niska's or Franson's satisfaction or motivation and therefore denies the assertions of their mental states.

44. Ellison admits paragraphs 52-53.

45. Ellison lacks sufficient information to form a belief as to paragraph 54 and therefore denies it.

46. Regarding paragraphs 55-58, Minn. Stat. § 609.771 speaks for itself.

47. Regarding paragraph 59, Ellison admits that Minn. Stat. § 609.771 was amended in May of 2024. The remainder of the paragraph is a legal conclusion to which no response is required.

48. Ellison admits the first sentence of paragraph 60. Ellison denies the second sentence of paragraph 60.

49. Regarding paragraphs 61-65, Minn. Stat. § 609.771 speaks for itself.

50. Regarding paragraph 66, Minn. Stat. § 609.771 speaks for itself. Ellison lacks sufficient information to form a belief as to Plaintiffs' knowledge and wishes and therefore denies the remainder of the paragraph.

51. Regarding paragraph 67, the effective dates of Minn. Stat. § 609.771 speak for themselves. Ellison lacks sufficient information to form a belief as to the remainder of paragraph 67 and therefore denies it.

52. Ellison denies paragraph 68.

53. Regarding paragraph 69, Ellison admits that someone posting as Mr Reagan has produced multiple videos with AI-generated audio mocking Vice President Harris. Ellison lacks sufficient information to form a belief as to whether that person is Kohls and therefore denies that he is the person to have done so. Ellison denies that the videos identified in the complaint are deepfakes within the meaning of Minn. Stat. § 609.771. Ellison admits that the videos have been disseminated on X and YouTube.

54. Regarding paragraph 70, Ellison admits that the videos were posted within ninety days of a party's nominating convention and within 90 days of the November 5, 2024 election. Ellison denies that they were posted within ninety days of any election that occurred on November 5, 2023.

55. Ellison denies paragraph 71.

56. Regarding paragraphs 72-75, the cited media coverage and political commentary speaks for itself. Ellison denies that the video in question is "realistic" or "would be seen as real by viewers."

57. Ellison denies paragraphs 76-79.

58. Regarding paragraph 80, Ellison admits that Franson retweeted at least one of Mr Reagan's videos after July 1, 2024, but denies that Franson or Kohls have exposure to criminal liability.

59. Ellison denies paragraph 81.

60. Regarding paragraph 82, Minn. Stat. § 609.771's penalties speak for themselves. Ellison lacks sufficient information to form a belief as to Franson's desires and therefore denies the remainder of paragraph 82.

61. Regarding paragraph 83, Ellison lacks sufficient information to form a belief as to Franson's intents and wishes and therefore denies it.

62. Ellison denies paragraphs 84-85.

63. Regarding paragraph 86, Ellison lacks sufficient information to form a belief as to Plaintiffs' wishes and therefore denies it.

64. Regarding paragraph 87, Ellison restates his responses to paragraphs 1-86.

65. Paragraphs 87-89 are legal conclusions to which no response is required.

66. Ellison denies paragraph 90-96.

67. Regarding paragraph 97, Ellison admits that Plaintiffs engaged private counsel to represent them in this matter. Ellison denies that Plaintiffs are entitled to an award of attorneys' fees.

68. Regarding paragraph 98, Ellison restates his responses to paragraphs 1-97.

69. Ellison denies paragraphs 99-102.

70. Regarding paragraph 103, Ellison admits that Plaintiffs engaged private counsel to represent them in this matter. Ellison denies that Plaintiffs are entitled to an award of attorneys' fees.

71. Regarding paragraph 104, Ellison restates his responses to paragraphs 1-103.

72. Paragraphs 105-109 are legal conclusions to which no response is required.

73. Ellison denies paragraphs 110-121.

74. Regarding paragraph 122, Ellison admits that that Plaintiffs engaged private counsel to represent them in this matter. Ellison denies that Plaintiffs are entitled to an award of attorneys' fees.

75. Regarding the request for relief, Ellison denies that Plaintiffs are entitled to any of the requested relief.

## DEFENSES

1. Plaintiffs lack standing.

2. Plaintiffs' claims are not ripe.

3. Plaintiffs fail to state a claim upon which relief can be granted.

Dated: January 31, 2025                     Respectfully submitted,

                                                          KEITH ELLISON
State of Minnesota
Attorney General

/s/**Allen Cook Barr**
LIZ KRAMER (#0325089)
Solicitor General
PETER J. FARRELL (#0393071)
Deputy Solicitor General
ANGELA BEHRENS (#0351076)
ALLEN COOK BARR (#0399094)
Assistant Attorneys General

445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2131
(651) 757-1010 (Voice)
liz.kramer@ag.state.mn.us
peter.farrell@ag.state.mn.us
angela.behrens@ag.state.mn.us
allen.barr@ag.state.mn.us

ATTORNEYS FOR DEFENDANT
KEITH ELLISON

|#5988487