UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Christopher Kohls and Mary Franson, <br><br> Plaintiffs, <br><br> v. <br><br> Keith Ellison, in his official capacity as Attorney General of Minnesota, and Chad Larson, in his official capacity as County Attorney of Douglas County, <br><br> Defendants. | Case No. 0:24-cv-03754-LMP-DLM <br><br><br> **ANSWER** |

---

Defendant Chad Larson, in his official capacity as Douglas County Attorney, as and for his Answer to Plaintiffs' Verified Complaint, states and alleges as follows:

1. Defendant denies each and every allegation, matter, and thing contained in the Complaint except as expressly admitted in this Answer.

2. Defendant denies the allegations in Paragraphs 1, 59, 68, 76, 78, 79, 81, 84, 85, 90, 91, 92, 93, 94, 95, 96, 97, 99, 100, 101, 102, 103, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, and 122.

3. With respect to any allegations of what the law states, means, or requires that appear in Plaintiffs' Complaint, including the allegations in Paragraphs 2, 11, 13, 14, 15, 20, 55, 56, 57, 58, 61, 62, 63, 64, 65, 66, 71, 77, 82, 88, 89, 105, 106, 107, 108, and 109, Defendant affirmatively states that a responsive pleading is not required and that the law does not necessarily state, mean, or require what Plaintiffs assert, and Defendant therefore denies

those allegations. To the extent Plaintiffs quote any law or statute, the quoted language speaks for itself.

4. Defendant admits the allegations in Paragraph 3.

5. With respect to Paragraphs 4, 9, 10, 17, 21, 22, 23, 24, 29, 36, 70, 83, and 86, Defendant lacks sufficient information to admit or deny the allegations therein, and therefore denies the allegations in these Paragraphs.

6. With respect to Paragraphs 5, 8, 38, and 39, Defendant lacks sufficient information to admit or deny Plaintiffs' allegations related to Plaintiff Franson's or Plaintiff Kohl's social media activity or reactions thereto, therefore, Defendant denies those allegations. To the extent Plaintiffs quote or reference specific videos or social media posts, that content speaks for itself and does not necessarily say or mean what Plaintiffs assert that it says or means. With respect to the allegations of what the law states or means or how it applies, Defendant affirmatively states that a responsive pleading is not required and that the law does not necessarily state or mean what or apply as Plaintiffs assert. Accordingly, Defendant denies the allegations in these paragraphs.

7. With respect to Paragraph 6, Defendant admits only that Plaintiff Franson ran for re-election in 2024. Defendant affirmatively states that a responsive pleading is not required as to Plaintiffs' conclusions of law in this Paragraph and that the law does not necessarily state what Plaintiffs assert and, therefore, Defendant denies those allegations. Defendant further affirmatively states that it lacks sufficient information to admit or deny Plaintiffs' allegation relating to Plaintiff Franson's future plans to run for re-election, and therefore denies.

8.  With respect to Paragraphs 7 and 34, Defendant admits that Plaintiff ran for re-election for House District 12B of the Minnesota House of Representatives in 2024 and that her opponent in that race had been convicted of a felony involving a dangerous weapon and was alleged to have stolen yard signs. Defendant lacks sufficient information to admit or deny the allegations related to Plaintiff Franson's future plans to run for re-election and the remaining allegations about Plaintiff Franson's political opponent, and therefore denies. With respect to the allegations of what the law states, means, or requires, Defendant affirmatively states that a responsive pleading is not required and that the law does not necessarily state, mean, or require what Plaintiffs assert, and therefore denies.

9.  With respect to Paragraph 12, Defendant admits that Plaintiffs filed the present lawsuit and sought to enjoin the enforcement of Section 609.771. To the extent this Paragraph addresses what a law states, means, or requires, Defendant affirmatively states that a responsive pleading is not required and that the law does not necessarily state, mean, or require what Plaintiffs assert, and Defendant therefore denies those allegations.

10. With respect to Paragraph 16, Defendant admits Plaintiff Franson is a Minnesota State Representative and ran for re-election in 2024. To the extent this Paragraph addresses Plaintiff Franson's social media activity, Defendant lacks sufficient information to admit or deny Plaintiffs' allegations and, therefore, Defendant denies those allegations.

11. With respect to Paragraph 18, Defendant admits that Defendant Ellison is the Attorney General of Minnesota and is sued in his official capacity. To the extent this Paragraph addresses what a law states, means, or requires, Defendant affirmatively states

that a responsive pleading is not required and that the law does not necessarily state, mean, or require what Plaintiffs assert, and Defendant therefore denies those allegations.

12. With respect to Paragraph 19, Defendant admits he is the County Attorney for Douglas County and that Plaintiff Franson resides in the County and ran for re-election in 2024. To the extent this Paragraph addresses what a law states, means, or requires, Defendant affirmatively states that a responsive pleading is not required and that the law does not necessarily state, mean, or require what Plaintiffs assert, and Defendant therefore denies those allegations.

13. With respect to Paragraphs 25, 26, 27, 30, 31, 35, 72, 73, 74, and 75, Defendant lacks sufficient information to admit or deny the allegations therein, and therefore denies the allegations in these Paragraphs. To the extent Plaintiffs quote or reference specific videos, social media posts, or news articles in these Paragraphs, that content speaks for itself and does not necessarily say or mean what Plaintiffs assert that it says or means. Accordingly, Defendant denies such allegations.

14. With respect to Paragraphs 28, 32, 33, 37, 69, and 80, Defendant lacks sufficient information to admit or deny the allegations therein, and therefore denies the allegations in these Paragraphs. To the extent these Paragraphs address what a law states, means, or requires, Defendant affirmatively states that a responsive pleading is not required and that the law does not necessarily state, mean, or require what Plaintiffs assert, and Defendant therefore denies those allegations.

15. To the extent that Paragraphs 40, 41, 42, 43, 45, 46, 47, 48, 49, 50, 51, 52, 53, and 60 assert allegations related to legislative procedure and/or quote, reference, or cite to

documents or testimony making up the legislative history of a Minnesota law, Defendants affirmatively state that the legislative history and related records speak for themselves and do not necessarily say or mean what Plaintiffs assert that they say or mean. Accordingly, Defendant denies such allegations. To the extent these Paragraphs address what a law states, means, or requires, Defendant affirmatively states that a responsive pleading is not required and that the law does not necessarily state, mean, or require what Plaintiffs assert, and Defendant therefore denies those allegations.

16.    With respect to Paragraphs 44 and 54, Defendant lacks sufficient information to admit or deny the allegations relating to Plaintiff Franson's motivations for voting for or against any law, and therefore denies the allegations in these Paragraphs. To the extent these Paragraphs quote, reference, or cite documents or testimony making up the legislative history of a Minnesota law, Defendants affirmatively state that the quote, reference, or cite speaks for itself and does not necessarily say or mean what Plaintiffs assert that it says or means. Accordingly, Defendant denies such allegations.

17.    With respect to Paragraph 67, upon information and belief, Defendant admits that the initial version of Section 609.771 went into effect on August 1, 2023, and the amended statute took effect on July 1, 2024. Defendant lacks sufficient information to admit or deny the allegations relating to Plaintiffs' relevant actions, and therefore denies the allegations in these Paragraphs.

18.    No responsive pleading is required as to Paragraphs 87, 98, and 104.

## AFFIRMATIVE DEFENSES

19. Defendant affirmatively states and alleges that Plaintiffs 49-page Complaint violates the mandate in Rule 8 of the Federal Rules of Civil Procedure that pleadings contain a short and plain statement of the claim.

20. Defendant affirmatively states and alleges that he has not had any interactions, dealings, or involvement with Plaintiffs in any way that related to Minnesota Statutes Section 609.771 or any of the facts as alleged by Plaintiffs in the Complaint.

21. Defendant affirmatively states and alleges that Defendant Larson had no role or involvement in the legislative process or enactment of Minnesota Statutes Section 609.771, unlike Plaintiff Franson.

22. Defendant affirmatively states and alleges that all or some of Plaintiffs' claims may be barred by the doctrines of laches, estoppel, and/or unclean hands.

23. Defendant affirmatively states and alleges that Plaintiffs lack standing for the claims asserted and relief requested in this matter.

24. Defendant affirmatively states and alleges that this court may lack jurisdiction for all or a part of the claims asserted by Plaintiffs against Defendant in this matter.

25. Defendant affirmatively states and alleges that all or part of Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Defendant Larson.

26. Defendant affirmatively states that some or all of Plaintiffs' claims are limited or barred by case law or statute.

27. Defendant affirmatively states and alleges that he has never enforced, threatened to enforce, or investigated potential violations of Section 609.771 against Plaintiffs or any other individual and has no present intent to do so.

28. Defendant affirmatively states that Plaintiffs have failed to plead factual allegations that, if accepted as true, are sufficient to assert a cause of action against Defendant.

29. Defendant affirmatively states and alleges that Plaintiffs have failed to assert facts sufficient to state an official capacity claim against Defendant Larson or his County employer.

30. Defendant affirmatively states that Plaintiffs have failed to plead sufficient allegations to establish Defendant's liability for a claim asserted under 42 U.S.C. § 1983 under the standard set forth in *Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 664 (1978).

31. Defendant affirmatively states that Plaintiffs have failed to allege any facts regarding the existence of an unconstitutional policy or custom or any facts that would allow the Court to draw an inference that any alleged conduct resulted from an unconstitutional policy or custom.

32. Defendant affirmatively states that Defendant did not take any action that implemented or was based on any unconstitutional policy or custom.

33. Defendant affirmatively states that Defendant did not violate a clearly established statutory or constitutional right of which a reasonable person would have had knowledge and, therefore, Defendant may not be held liable for the alleged conduct.

34. Defendant reserves the right to assert any and all additional affirmative defenses codified in statute, the applicable Rules of Civil Procedure, and/or found in any other source of law as may be identified through further investigation and discovery.

**WHEREFORE**, Defendant prays that Plaintiffs take nothing against it in this matter, that the same be dismissed with prejudice, and that the Defendant recovers judgement for its costs and disbursements along with any other relief this Court deems just and equitable.

                                                    **SQUIRES, WALDSPURGER & MACE, P.A.**

Dated: January 31, 2025            */s/ Kristin C. Nierengarten*
                                                 Kristin C. Nierengarten (Atty No. 395224)
                                                 Zachary J. Cronen (Atty No. 397420)
                                                 333 South Seventh Street, Suite 2800
                                                 Minneapolis, MN 55402
                                                 Phone: (612) 436-4300
                                                 Fax: (612) 436-4340
                                                 Email: kristin.nierengarten@raswlaw.com
                                                             zachary.cronen@raswlaw.com

                                                 **ATTORNEYS FOR DEFENDANT CHAD LARSON, IN HIS OFFICIAL CAPACITY AS COUNTY ATTORNEY OF DOUGLAS COUNTY**

## ACKNOWLEDGMENT

I acknowledge that costs, disbursements and reasonable attorney and witness fees may be awarded under Minn. Stat. § 549.211, subd. 3, to the party against whom the allegations in this pleading are asserted.

                                      **SQUIRES, WALDSPURGER & MACE, P.A.**

Dated: January 31, 2025            */s/ Kristin C. Nierengarten*
                                      Kristin C. Nierengarten (Atty No. 395224)
                                      Zachary J. Cronen (Atty No. 397420)
                                      333 South Seventh Street, Suite 2800
                                      Minneapolis, MN 55402
                                      Phone: (612) 436-4300
                                      Fax: (612) 436-4340
                                      Email: kristin.nierengarten@raswlaw.com
                                                 zachary.cronen@raswlaw.com

                                      **ATTORNEYS FOR DEFENDANT CHAD LARSON, IN HIS OFFICIAL CAPACITY AS COUNTY ATTORNEY OF DOUGLAS COUNTY**